UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TERRY BOOKER, *on behalf of himself and those similarly situated*; | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | |
| REPUBLIC STEEL, CORP. | ) ) | **CLASS ACTION COMPLAINT** **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |
| _____ | ) | |

Terry Booker (the "Plaintiff"), on behalf of himself and a putative class of similarly situated former employees as defined herein, brings this suit against Republic Steel, Corp. ("Defendant") by way of this Class Action Complaint, alleging as follows:

## NATURE OF THE ACTION

1.      This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on his own behalf and on behalf of the other similarly situated persons against Defendant Republic Steel, Corp., his employer for WARN Act purposes.

2.      On or within 30 days of August 10, 2023, Defendant made a mass layoff by, unilaterally and without proper notice to employees or staff, terminating approximately 176 employees at its facility, located at 3049 Lake Shore Rd, Blasdell, NY 14219.

3.      Defendant failed to provide 60 days advance written notice to employees or staff as required by the WARN Act, 29 U.S.C. § 2101 *et seq.,* to the affected employees.

1

4.      On August 10, 2023, Defendant denied access to affected employees in the Blasdell, NY facilities. It provided official notice to the employees that their services would no longer be needed on or about August 20, 2023.

5.      Defendant's reduction in nearly the entire workforce at that plant constituted a mass layoff or plant closing, commencing on August 10, 2023. As such, Plaintiff and other similarly situated employees, should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

8.      At all times herein relevant, each of the Representative Plaintiff was and are members of the Nationwide class.

9.      Plaintiff Terry Booker is a citizen of the United States and resident of Buffalo, New York.  Plaintiff Booker was employed by Republic Steel at all relevant times at the Blasdell, New York facility.  He is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7).

10.     Defendant Republic Steel is a Delaware corporation registered in Delaware with its principal place of business located on 2633 Eight Street NE, Canton, Ohio, United States 44704. Republic Steel may be served via its registered agent, Corporation Service Company, 3366 Riverside Drive, Suite 103, Upper Arlington, Ohio, 43221.

## **FACTS**

11.     Defendant is a private, Ohio-based business that operates a plant at 3049 Lake Shore Road, Blasdell, NY 14219 ("Blasdell plant").

12.     On or about August 10, 2023, Defendant denied all employees at the Blasdell plant, including Plaintiff, access to the plant without explanation.

13.     Upon information and belief, a few days later, Plaintiff learned through the media that Defendant intended to close its facility and that he would be terminated.

14.      On or about August 20, 2023, Defendant provided formal notice to Plaintiff that it was abolishing the positions and he was terminated effective, August 10, 2023. Terminated employees would perform no additional compensated services.

15.     On August 13, 2023, Defendant filed a notice with the New York Department of Labor WARN Unit, advising that 176 of the 185 total employees located in the Blasdell, NY plant were terminated on August 10, 2023.

16.     Defendant did not provide any WARN Act Notice as required by 29 U.S.C. §§ 2101 *et seq.* even though it planned to abolish, terminate, and/or layoff over one-hundred full-time employees employed there.

17.     Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

18.     By failing to provide its affected employees who were temporarily or permanently terminated on or around August 10, 2023, with WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the statute.

## RULE 23 CLASS ACTION ALLEGATIONS

18.     Plaintiff brings his WARN Act claim as a Class Action pursuant to Federal Rule of

Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 30 days of August 10, 2023.

19.     Class Action treatment of WARN Act claims is appropriate because all of Federal

Rule of Civil Procedure 23's Class Action requisites can be satisfied.  For example:

a.  The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b.  Questions of law and fact are common to the class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102.  Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

c.  Plaintiff is a member of the class, and his claims are typical of the claims of other class members.  Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members.  Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

d.  Plaintiff will fairly and adequately represent the class and its interests.  Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class.  Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

20.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications. This would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

21.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

22.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq*.**
**COUNT I**
**(WARN Act)**

23.    Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

24.    Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

25.    Plaintiff and those he seeks to represent were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

26.     The August 10, 2023, permanent layoffs of at least 176 employees at the Blasdell plant resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees.

27.     For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Blasdell plant constitutes a single site of employment in that each employee's facility was the location to which relevant employees were assigned as their home base, the place from which their work was assigned, and the place to which they reported for work.

28.     The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

29.     On information and belief, prior to August 10, 2023, Defendant did not give any written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those he seeks to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give any *prior* written notice to the New York Department of Labor, or to the chief elected official of the local government within which the mass layoff was ordered.  Rather, Defendant waited *after* the mass layoffs already occurred to do so.

30.     Defendant violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about August 10, 2023.

31.     As such, Plaintiff and those he seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

32.     The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102.  *See* 29 U.S.C. § 2104(5).

33.     Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for the following relief:

1.     Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and his counsel of record as Class Counsel.

2.     A declaration that Defendant has violated the WARN Act;

3.     A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4.     A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those he seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5.      A finding that Defendant's violations of the WARN Act were and are willful, not in good faith, and that Defendant had no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6.      A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7.      A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8.      Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

This 12th day of September 2023.

Respectfully submitted,

/s/ Joseph M. Lyon
Joseph M. Lyon (0076050)
**THE LYON FIRM**
2754 Erie Avenue
Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
jlyon@thelyonfirm.com

J. Gerard Stranch, IV*
Michael C. Iadevaia*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com

miadevaia@stranchlaw.com

Samuel J. Strauss*
Raina C. Borrelli*
**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@turkestrauss.com
raina@turkestrauss.com

Lynn A. Toops*
Amina A. Thomas*
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

*Pro Hac Vice* applications to be submitted

*Counsel for Plaintiff and the Proposed Class*

9